UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNDRA DAVIS, | ) | |
| --- | --- | --- |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos.: 3:11-CR-142-TAV-DCP |
| | ) | 3:15-CV-267-TAV |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner Undra Davis has filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [Doc. 87]. The government responded in opposition to Petitioner's requested relief [Doc. 91]. Petitioner filed an Emergency Motion for 30 day Enlargement of Time to File a Response to the Government's Reply [Doc. 92], which was granted [Doc. 93] and subsequently extended 30 days from April 25, 2018 [Doc. 94]. Petitioner did not a file response, and the matter is now ripe for consideration.

The Court has determined that Petitioner is not entitled to relief under § 2255, and therefore no evidentiary hearing is necessary. For the following reasons, Petitioner's § 2255 motion lacks merit and will be denied. Accordingly, Case No. 3:15-cv-267 will be dismissed.

### I.     BACKGROUND

On November 22, 2011, a federal grand jury in the Eastern District of Tennessee charged Petitioner with possession with intent to distribute 28 grams or more of crack cocaine; possession with intent to distribute a mixture and substance containing cocaine;

possession of a firearm in furtherance of a drug-trafficking offense; and being a felon in possession of a firearm [Doc. 7]. Petitioner filed a Motion to Suppress [Doc. 34], which was denied by Order entered April 18, 2012 [Doc. 49]. Petitioner subsequently pleaded guilty to the charges [Doc. 68] pursuant to a plea agreement ("Plea Agreement") [Doc. 62]. Petitioner had several prior state felony drug convictions [Doc. 43], and as set forth in the Government's brief, these drug convictions subjected Petitioner to an enhanced mandatory minimum sentence of ten years' imprisonment under 21 U.S.C. § 841(b)(1)(B); a mandatory minimum consecutive sentence of five years' imprisonment for the charge under 18 U.S.C. § 924(c); and career offender status under U.S.S.G. § 4B1.1 [Doc. 91 p. 2]. In Petitioner's Sentencing Memorandum and Motion for Variance [Doc. 78], he requested a below-Guidelines sentence. Ultimately, the Court imposed a below-Guidelines term of 300 months' imprisonment [Doc. 81].

Pursuant to his Plea Agreement, Petitioner retained the right to appeal the denial of his motion to suppress raised in Document 34 [Doc. 62 p. 2]. The Court Appeals for the Sixth Circuit affirmed the denial of the motion to suppress. *United States v. Davis,* 573 F. App'x 523 (6th Cir. July 23, 2014). Petitioner did not seek a writ of certiorari.

## II. STANDARD OF REVIEW

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, to obtain relief, a petitioner must establish (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was

so fundamental as to render the entire proceedings invalid. *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003). He "must clear a significantly higher hurdle than would exist on direct appeal" and demonstrate a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

Moreover, a petitioner alleging ineffective assistance of counsel must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1987); *see also, Huff v. United States,* 734 F.3d 600, 606 (6th Cir. 2013). First, he must identify specific acts or omissions to prove that counsel's performance was deficient and that counsel did not provide "reasonably effective assistance," *Strickland*, 466 U.S. at 687, as measured by "prevailing professional norms." *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). Counsel is presumed to have provided effective assistance, and petitioner bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616-17 (6th Cir. 2003); *see also Strickland*, 466 U.S. at 689 (a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance").

Second, a petitioner must also establish "a reasonable probability that, but for [counsel's acts or omissions], the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id*. at 691; *see also Smith v. Robbins*, 528 U.S. 259, 285-86 (2000). Because a petitioner "must satisfy *both* prongs of *Strickland* to obtain relief on an

3

ineffectiveness claim, the inability to prove either one of the prongs – regardless of which one – relieves the reviewing court of any duty to consider the other." *Nichols v. United States*, 563 F.3d 240, 249 (6th Cir. 2009) (*en banc*) (emphasis in original); *accord Strickland*, 466 U.S. at 697.

## III. ANALYSIS

Petitioner presents three ineffective assistance of counsel claims in his § 2255 motion: (1) counsel should have contested the application of the enhanced 21 U.S.C. § 841(b)(1)(B) penalty range at sentencing or on appeal [Doc. 87 pp. 4-5, 8; Doc. 88 pp. 5-13, 17-18]; counsel should have challenged the application of the U.S.S.G. § 4B1.1 career-offender enhancement at sentencing or on appeal [*id.*]; and counsel should have challenged the reasonableness of Petitioner's below-Guidelines sentence on appeal [Doc. 87 p. 7; Doc. 88 pp. 14-16].

The Court will evaluate all three of Petitioner's claims in turn.

### A. Counsel's Alleged Failure to Contest Application of Enhanced 21 U.S.C. § 841(b)(1)(B) Penalty Range

Petitioner alleges that counsel was unconstitutionally ineffective in not contesting the application of the enhanced 21 U.S.C. § 841(b)(1)(B) penalty range at sentencing or on appeal. He attempts to rely on *Moncrieffe v. Holder,* 569 U.S. 184 (2013) and *Descamps v. United States*, 570 U.S. 254 (2013) for the proposition that his prior state drug convictions were not "felony drug offenses" for purposes of 21 U.S.C. § 841(b)(1)(B). [Doc. 87 pp. 4-5 and Doc. 88 pp. 5-13, 1-18]. As a threshold matter, *Moncrieffe* cannot

support Petitioner's ineffective-assistance-of-counsel claim because it was decided on April 13, 2013, after Petitioner was sentenced.[1]  Defense counsel cannot be considered constitutionally ineffective for failing to make a motion based on a court decision that had not yet been decided.  *See United States v. Colon*, No. 09-0155, 2015 WL 127726, at *4 (E.D. Penn., Jan. 6, 2015) (concluding ineffective assistance of counsel claim could not be based on *Descamps* or *Moncrieffe*, both having been decided after defendant's sentencing).  As such, Petitioner cannot base his ineffective-assistance-of-counsel claim on this particular case.

As correctly noted by the Government, neither *Descamps* nor *Moncrieffe* affects Petitioner's eligibility for the sentence enhancement he purports to challenge.  First, *Descamps* involved application of the "violent felony" definition in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), and did not address how to determine whether a prior state conviction is a "felony drug offense" under 21 U.S.C. § 841(b)(1)(B).  Because Petitioner was not sentenced under the ACCA based upon a "violent felony," but rather, his sentence was enhanced under § 841(b)(1)(B) based on his three prior convictions for a "felony drug offense," *Descamps* does not apply.  *See Henry v. United States,* No. 3:13-cv-0824, 2014 WL 2811816, at *8 (M.D. Tenn. June 23, 2014) (holding that "*Descamps* has no application," because petitioner was not sentenced as an armed career criminal).

---

[1] Petitioner was sentenced March 13, 2013 [Doc. 80].

Second, Petitioner's argument based on *Moncrieffe* would be similarly unavailing. As explained by the Sixth Circuit, "*Moncrieffe* dealt with the definition of 'aggravated felony' under the Immigration and Nationality Act" ("INA") and "is inapposite" in a case involving whether a prior conviction is a "felony drug offense" for purposes of career-offender sentence enhancement under § 841(b)(1). *See United States v. Gallegos*, 553 F. App'x 527, 532 (6th Cir. 2014).

Moreover, and in any event, each of Petitioner's prior Tennessee drug convictions qualify as a prior felony drug offense under 21 U.S.C. § 841(b)(1)(B). That statute provides for a mandatory minimum sentence of ten years up to life for a defendant who is convicted of possession with intent to distribute crack cocaine "after a prior conviction for a felony drug offense has become final." The term "felony drug offense" means "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44). All three of Petitioner's prior drug convictions involved possession with intent to sell a controlled substance in violation of Tennessee Code Annotated § 39-17-417, and carried a sentence of more than one year [Doc. 43-1].

As each of Petitioner's prior felony drug offenses qualified as a predicate for the enhanced penalty range under 21 U.S.C. § 841(b)(1)(B), and neither *Moncrieffe* nor *Descamps* provide support for Plaintiff's contention that there was a basis for challenging the sentence enhancement, the Court finds that Petitioner has not shown any error or

deficiency by counsel. Trial counsel cannot be deemed constitutionally ineffective for not pursing meritless claims. *E.g., Hoffner v. Bradshaw*, 622 F.3d 487, 499 (6th Cir. 2010) (determining that counsel is not constitutionally ineffective for not pursuing meritless claims); *Brown v. McKee*, 231 F. App'x 469, 475 (6th Cir. 2007) (observing that "[t]rial counsel's failure to bring a meritless suppression motion cannot constitute ineffective assistance" (quoting *United States v. Tisdale*, 195 F.3d 70, 73-74 (2d Cir. 1999))). Accordingly, this claim for relief is without merit.

    **B.    Counsel's Alleged Failure to Challenge Application of U.S.S.G. § 4B1.1 Career-offender Enhancement**

A similar analysis likewise contravenes Plaintiff's assertion that counsel was also ineffective for not challenging the prior drug convictions as predicates to an enhanced penalty range for career offenders under *Moncrieffe* and *Descamps* as well as *United States v. Davis,* 751 F.3d 769 (6th Cir. 2014), and *United States v. Mateen*, 806 F. 3d 857 (6th Cir. 2015).[2] [Doc. 87 pp. 5, 8; Doc. 88 pp. 9-21, 17-18]. As an initial matter, and as correctly noted by the Government, to the extent Petitioner is attempting to challenge his designation as a career offender, such claim is not cognizable on collateral review under § 2255. The Sixth Circuit has held that direct challenges to career-offender qualification (i.e., application of the sentencing guidelines) are generally not appropriate in a post-

---

[2] Petitioner cites to *United States v. Mateen*, 739 F.3d 300 (6th Cir. 2014), which was pending further appeal at the time of Petitioner's filing of his § 2255 motion in June 2015. The Sixth Circuit, sitting en banc, vacated the opinion and remanded in August 2014. *United States v. Mateen*, 764 F.3d 627 (6th Cir. 2014) (en banc). In November 2015, the Sixth Circuit affirmed the district court's resentencing of defendant on remand. *United States v. Mateen*, 806 F.3d 857 (6th Cir. 2015).

7

conviction § 2255 motion. *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996). "[N]onconstitutional claims not raised at trial or on direct appeal are waived for collateral review except where the errors amount to something akin to a denial of due process." *Id.*; *see also United States v. Fox*, No. 5:14-CR-37-JMH, 2018 WL 3384300, at *7 (E.D. Ky. July 11, 2018) (finding the direct career-offender-qualification complaint barred under § 2255) (internal citations omitted).

Turning to Petitioner's contention that counsel should have relied on *Moncrieffe* and *Descamps* to challenge his prior state felony drug convictions as career-offender predicates, neither case provides support for an ineffective assistance of counsel claim. As previously discussed, *Moncrieffe* cannot support Petitioner's ineffective assistance of counsel claim because it was decided after Petitioner's sentencing, and in any event, neither *Moncrieffe* nor *Descamps* would disturb Petitioner's eligibility for a career-offender sentence enhancement pursuant to U.S.S.G. § 4B1.1.

Petitioner was eligible for this enhancement because he had three prior Tennessee state convictions for the felony of possession with intent to sell – one involving marijuana and the others involving cocaine. [Doc. 43-1]. A defendant is eligible for a career-offender sentence enhancement when he has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). Because Petitioner's prior state convictions for possession with intent to distribute marijuana and cocaine qualify as "controlled substance offenses" under U.S.S.G. § 4B1.1(a), Petitioner was eligible for this enhancement.

8

As discussed above, *Descamps* is inapplicable to this case because it considered enhancement for purposes of the ACCA, 18 U.S.C. § 924(e), and here Petitioner was enhanced because he was considered a career offender, not an Armed Career Criminal. In *Descamps*, the U.S. Supreme Court held that sentencing courts may not use the "modified categorical approach" to determine whether a prior offense constitutes a "violent felony" under the ACCA when that prior offense consists of "a single, indivisible set of elements." 570 U.S. at 258.

Assuming, for the sake of argument, that this holding also applies to a career-offender sentence enhancement pursuant to U.S.S.G. § 4B1.1 at issue here, Petitioner still does not prevail because his argument that the statute is "indivisible" [Doc. 88 pp. 10-11] is not persuasive. The subject Tennessee statute does not consist of a "single, indivisible set of elements." Petitioner's prior convictions were for violating Tennessee Code Annotated § 39-17-417, which makes it unlawful to "sell a controlled substance" or "possess a controlled substance with intent to manufacture, deliver or sell the controlled substance" [*See* Doc. 43-1]. The statute sets forth alternative elements that can be proven to support a conviction, so it is a divisible statute. *Descamps* does not affect how courts can evaluate convictions under divisible statutes such as this one, and courts are free to use the modified categorical approach to determine whether a conviction under this statute makes a defendant eligible for a sentence enhancement. As the Government correctly maintains, application of the modified categorical approach to Petitioner's case reveals that Petitioner qualified for a career-offender sentence enhancement. [Doc. 91 pp. 7-8]. Thus,

9

Petitioner's counsel would have no basis to object to the applicability of this sentence enhancement, and Petitioner's ineffective assistance of counsel claim based on *Descamps* is without merit.

Likewise, *Moncrieffe* would not have been a basis for an objection to Petitioner's career-offender sentence enhancement, and therefore, fails to support Petitioner's ineffective-assistance-of-counsel claim. *Moncrieffe* specifically dealt with the application of the traditional categorical approach to determine whether a conviction falls within a removal classification under the INA, and nothing in that cases suggests that it should be extended outside the immigration context. *Moncrieffe* has no application to the determination of whether Petitioner qualified as a career offender under the provisions of the sentencing guidelines. *See Pittman v. United States,* No. 3:14-cv-01064, 2014 WL 3735918, at *3 (M.D. Tenn. July 29, 2014); *Ferguson v. United States*, 2014 WL 105022, at *1 (S.D. Ga. Jan. 9, 2014) (observing that "*Moncrieffe* simply does not apply to a 'controlled substance offense' under the sentencing guidelines") (citing *Thomas v. United States*, Nos. 8:13-CV-215-T-15MAP, 8:07-CR-203-T-27MAP, 2013 WL 4855067, at *8 (M.D. Fla. Sept. 11, 2013).

Petitioner further attempts to argue, by an attempted analogy to the circumstances in *Davis* and *Mateen*, that his prior state drug convictions should not have been used to enhance his federal sentence as a career criminal [Doc. 87 p. 5; Doc. 88 pp. 9-13]. However, these cases do not provide any supporting authority for such proposition.

Petitioner recognizes that these cases are dissimilar in that they involved enhancements for child pornography offenders [*see* Doc. 88 pp. 9-12]. Specifically, *Davis* involved the question of whether a prior state conviction for attempted pandering of obscenity involving a minor triggered an enhancement pursuant to 18 U.S.C. § 2252, and *Mateen* involved an enhancement under the same federal statute based on a state conviction for gross sexual imposition. Before the Petitioner filed his § 2255 motion, in which he cites *Mateen* [Doc. 87 p. 5; Doc. 88 pp. 9-13], the ruling to which Petitioner cites had already been overturned by the Sixth Circuit en banc, remanded to the district court, and was again pending appeal. Ultimately, the Sixth Circuit concluded in *Mateen* that the defendant's underlying state conviction for gross sexual imposition qualified as a triggering enhancement under § 2252(b)(2). *Mateen,* 806 F.3d at 859-60. These cases are inapplicable to the instant case and fail to support Petitioner's ineffective assistance of counsel claim.

### C. Counsel's Alleged Failure to Challenge Reasonableness of Below-Guidelines Sentence on Appeal

Finally, Petitioner generally asserts that counsel was ineffective for not challenging the reasonableness of Petitioner's sentence on appeal [Doc. 87 p. 7; Doc. 88 pp. 14-16]. Petitioner references his Sentencing Memorandum [Doc. 78] and asserts that counsel failed to argue the points raised in the memorandum on direct appeal in support of a lower sentence. As part of his Plea Agreement, however, Petitioner agreed "not to file a direct appeal of [his] conviction(s) or sentence except as provided in paragraph 2 . . . [and in the case of] a sentence imposed above the sentencing guidelines range or any applicable

11

mandatory minimum sentence (whichever is greater) determined by the district court" [Doc. 62 p. 9]. Petitioner also "voluntarily waive[d] [his] right to file any motions or pleadings pursuant to 28 U.S.C. § 2255 or to collaterally attack [his] conviction(s) and/or resulting sentence" except in the cases "of ineffective assistance of counsel or prosecutorial misconduct not known to [Petitioner] by the time of the entry of judgment" [*Id.*] When a defendant knowingly, intelligently, and voluntarily waives the right to collaterally attack his or her sentence, he or she is precluded from bringing a claim of ineffective assistance of counsel based on 28 U.S.C. § 2255. *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001). A waiver in a plea agreement is considered knowing and voluntary if a defendant testified that his guilty plea was not coerced and that he reviewed and understood the agreement terms. *Id.*

An exception to the general rule stated above exists if the collateral attack concerns the validity of the waiver itself. *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007); *United States v. Baxter*, Criminal Action No. 10-1-DLB-JGW-2, 2012 WL 6861260, at *4 (E.D. Ky. Nov. 30, 2012). However, in situations where the § 2255 motion does not articulate a basis for attacking the validity of the waiver, the Sixth Circuit and lower courts within the Sixth Circuit have upheld collateral attack waivers, if the waivers were knowing and voluntary. *Watson*, 165 F.3d at 489; *United States v. Eversole*, No. 6:05-cr-64, 2010 WL 420067, at *2 n.3 (E.D. Ky. Feb. 1, 2010) (citing *Short v. United States*, 471 F.3d 686, 697-98 (6th Cir. 2006), and *Davila*, 258 F.3d at 451).

In this case, Petitioner signed a Plea Agreement containing pertinent waiver provisions as set forth above. At Petitioner's hearing, the Court reviewed the waiver provision and verified Petitioner understood its import. [Doc. 95 p. 9]. The Supreme Court has instructed that "the representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings," and that "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). Petitioner admitted he understood the terms of the waiver provision, and nothing in the record suggests otherwise.

Moreover, Petitioner neither challenges the validity of the actual waiver nor suggests that he did not understand the waiver or that he did not sign it voluntarily. Instead, Petitioner's claim is that counsel should have challenged the reasonableness of his sentence on appeal – a sentence that was a below-Guidelines term. This claim does not attack the validity of the waiver itself or challenge the validity of the plea. Instead, the claim is an attack on the sentence. Accordingly, because Petitioner is attacking not the validity of the plea itself but rather his sentence, and because he expressly waived his right to attack his sentence in the Plea Agreement, any claim of sentencing error is barred by the knowing and voluntary waiver contained in the binding Plea Agreement. *See Davila*, 258 F.3d at 451. Petitioner willingly chose to surrender his right to bring such a collateral attack in return for other benefits, and the record confirms that his decision to do so was made in a knowing, voluntary, and intelligent manner. He cannot now attempt to circumvent his

agreement not to contest his sentence via a meritless claim of ineffective assistance of counsel.

As discussed above, under the *Strickland* test for judging any claim of ineffectiveness, a defendant is required to make two showings: 1) counsel's representation fell below an objective standard of reasonableness, *Strickland*, 466 U.S. at 687-88, and 2) counsel's deficient performance prejudiced him. *Id.* at 691-94.

Here, Petitioner argues counsel should have challenged the reasonableness of his sentence on direct appeal. Petitioner contends that had counsel raised the "material points of fact" contained in his sentencing memorandum on appeal, the "the Appeals Court could have reviewed this matter under the reasonableness standard for abuse of discretion." [Doc. 88 pp. 15-16]. Petitioner does nothing more than raise a general allegation, which cannot be used as a basis for a § 2255 motion. *See, e.g., Short v. United States,* 504 F.2d 63, 65 (6th Cir. 1974) (explaining that where "claims are stated in the form of conclusions without any allegations of facts in support thereof," a § 2255 motion is "legally insufficient to sustain review"); *accord Wogenstahl v. Mitchell*, 668 F.3d 307, 335 (6th Cir. 2012) (observing that "[m]erely conclusory allegations of ineffective assistance are insufficient to state a constitutional claim"). Further, Petitioner completely ignores the waiver contained in his Plea Agreement, which precludes him from filing a direct appeal of his sentence. In his Plea Agreement, Petitioner retained the right to appeal his suppression motion, which counsel appropriately pursued. Given the waiver, however, counsel had no

basis upon which to file an appeal of the sentence, which was a below-Guidelines term as requested by Petitioner [Doc. 78].

Based on the foregoing, the Court finds that Petitioner has not established counsel's conduct was deficient in any manner. Petitioner received a below-Guidelines sentence and clearly waived his right to file a direct appeal of the sentence and to collaterally attack the sentence. Further, having received a below-Guidelines sentence, Petitioner is unable to establish he suffered prejudice. These failures are fatal to Petitioner's ineffective assistance claim.

### D. No Evidentiary Hearing is Required

Petitioner has requested an evidentiary hearing in this matter [Doc. 88 p. 19]. An evidentiary hearing is not necessary in this case because there are no genuine issues of material fact in dispute and the record conclusively shows that Petitioner is not entitled to relief under 28 U.S.C. § 2255. *Amr v. United States*, 280 F. App'x. 480, 485 (6th Cir. 2008); *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (holding that no hearing is required if the motion's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact" (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995))).

## IV. CONCLUSION

The Court finds that Petitioner is not entitled to relief pursuant to 28 U.S.C. § 2255, his motion to vacate, set aside or correct sentence [Doc. 87] will be **DENIED**, and this action will be **DISMISSED**. A hearing is unnecessary in this case. The Court will

**CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. Proc. 24. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE.** 28 U.S.C. § 2253; Fed. R. App. P. 22(b). A Judgment will enter **DENYING** the Motion [Doc. 87].

  **IT IS SO ORDERED**.

            s/ Thomas A. Varlan
            CHIEF UNITED STATES DISTRICT JUDGE